IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

LEROY M. THURSTON, JR.,

    Plaintiff,

v.      Case No.: 3:07cv00036-nkm

DAVID MELTON, *et al.,*

    Defendants.

## **MOTION FOR SANCTIONS**

The defendants, David Melton and Louisa County Public Schools, having notified the plaintiff of their intent to seek sanctions from the Court if the plaintiff does not voluntarily dismiss this lawsuit within 21 days, and 21 days having elapsed without the plaintiff having voluntarily dismissed this case, respectfully move this Court to sanction the plaintiff for his violation of Fed. R. Civ. P. 11, for the reasons set forth herein.

    I. **Facts.**

This lawsuit relates to events that took place on or before the year 2000, involving various matters concerning the plaintiff's employment with Louisa County Public Schools, which ended in 2000. The complaint refers generally to a claim of "discrimination," albeit without referring to specific actions taken by specific people.

The plaintiff has filed at least 19 other lawsuits in this district. See July 19, 2004 Order in Civil Action No. 3:04cv00060, which observed: "Thurston has previously filed nineteen (19) cases in the U. S. District Court for the Western District of Virginia, many of which were against the same individuals named as defendants in his new set of cases." This Court thereupon dismissed that lawsuit as frivolous. Defendant David Melton was a

defendant in that case, as were other officials with Louisa County Public Schools. That frivolous lawsuit also dealt with Thurston's termination.

## II. **Argument.**

### A. **Rule 11 Standard**

According to Fed. R. Civ. P. 11, a party filing a pleading with the court is certifying that to the best of his knowledge, the claims and legal contentions in the pleading are warranted by existing law. In this case, the complaint sets forth claims that are in plain violation of Rule 11, and unless the plaintiff withdraws all claims against David Melton and Louisa County Public Schools within 21 days of service of this motion, those defendants will file this sanctions motion with the Court and ask for all appropriate relief, including the award of monetary sanctions against the plaintiff.

A court may impose sanctions upon an attorney, law firm, or party that files a pleading or motion that is:

> (1) . . . presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) . . . [not] warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
> (3) [lacking in] . . . evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

FED. R. CIV. P. 11(b)(1-3) & (c); *Moore v. SouthTrust Corp.,* 392 F. Supp. 2d 724, 736 (E.D. Va. 2005). Rule 11 applies to both represented and unrepresented parties. *Harmon*

2

*v. O'Keefe*, 149 F.R.D. 114, 116 (E.D. Va. 1993). Moreover, even independent of Rule 11, a district court also retains the ability under its inherent powers to award fees and costs in frivolous cases where bad faith is shown. *See, e.g., Hensley v. Alcon Laboratories, Inc.*, 277 F.3d 535, 543 (4th Cir. 2002); *Guidry v. Clare,* 442 F. Supp. 2d 282, 296 (E.D. Va. 2006).

In this case, the plaintiff must realize that all of his claims are either time-barred or barred by the doctrine of res judicata. Although the plaintiff might not know these legal terms, he certainly knows that he has filed numerous actions in this Court without success, and that at least one of his earlier suits based on these same facts was dismissed as frivolous. In short, had he done even a cursory examination of the relevant legal principles, he would have known that this lawsuit was frivolous and had no chance of success.

### B. Claims Barred By Statute of Limitations

All claims are barred by the statute of limitations. *Couch v. Jabe,* 479 F. Supp. 2d 569, 575-576 (W.D. Va. 2006). The plaintiff's claims all accrued in 2000 or before, and are thus all time-barred. The Commonwealth of Virginia has a two-year statute of limitations period for personal injury actions which applies in § 1983 actions. *Couch,* 479 F. Supp. 2d at 576-77 (citing VA.CODE ANN. § 8.01-243(A)).

### C. Claims Barred by Res Judicata

The plaintiff's claims are also barred by the doctrine of res judicata. In *Coyne & Delany Co. v. Selman,* 98 F.3d 1457, 1473 (4th Cir. 1996), the court held that there are three elements necessary to apply the doctrine of res judicata: "(1) a judgment on the merits in a prior suit resolving (2) claims by the same parties or their privies, and (3) a

3

subsequent suit based on the same cause of action." *Id.* As this Court's July 19, 2004 Order made clear, this plaintiff has filed numerous lawsuits against these same defendants. That Order also makes clear that the defendants in that case (including Melton and Louisa County Public School officials) are either the same people or are in privity with the defendants in this case: Melton and Louisa County Public Schools.

### III. Conclusion.

Because the complaint is not well-founded in law, or on a good-faith belief in reversing settled law, Rule 11 sanctions are appropriate if the plaintiff does not voluntarily dismiss his claim against the defendants, with prejudice, within 21 days. If the plaintiff does not take such action in 21 days, the defendants will file this motion with the Court, and request appropriate sanctions for the plaintiff's disobedience of Rule 11, including attorney fees and a pre-filing injunction. *See Cromer v. Kraft Foods North America, Inc.,* 390 F.3d 812, 817-818 (4th Cir. 2004) (prefiling injunction is proper in "exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions."). Although "use of such measures against a *pro se* plaintiff should be approached with particular caution" and should "remain very much the exception to the general rule of free access to the courts," *see Pavilonis v. King*, 626 F.2d 1075, 1079 (1st Cir. 1980), here the plaintiff is making a mockery of the justice system by his repetitive frivolous lawsuits. In determining whether a prefiling injunction is substantively warranted, a court must weigh all the relevant circumstances, including (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and

4

other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions. *See, e.g., Safir v. United States Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986); *Green v. Warden, United States Penitentiary*, 699 F.2d 364, 368-69, 370 n.8 (7th Cir. 1983); *Pavilonis*, 626 F.3d at 1078-79. Because this motion will be filed after the plaintiff has had 21 days to consider withdrawing the lawsuit, his failure to do so amounts to conclusive proof that a pre-filing injunction is appropriate, and that no other remedy will suffice. *See Cromer,* 390 F.3d at 817-818.

                                    LOUISA COUNTY PUBLIC SCHOOLS
                                    DAVID MELTON

                                  By: ____/s/ Robert A. Dybing_____
                                            Counsel

Robert A. Dybing, VSB # 327121
*Thompson*McMullan, P. C.
100 Shockoe Slip, Third Floor
Richmond VA  23219-4140
Telephone:  (804) 698-6248
Facsimile:   (804) 780-1813
rdybing@t-mlaw.com

*Counsel for Defendants, Louisa County Public Schools and David Melton.*


                                                       CERTIFICATE

     I hereby certify that on the 18th day of September, 2007, I mailed a true copy of the foregoing to Leroy M. Thurston, Jr., 647 Chopping Road, Mineral VA 23117, and that on October 17, 2007, I filed this motion with the Court using the ECF system, and mailed a true copy of the foregoing to Leroy M. Thurston, Jr., at the foregoing address.

                                      _____/s/ Robert A. Dybing_____